UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAHEEM DAVIS a.k.a. ALLAH VIRTUE
REALTY RESERVE,

                              Petitioner,

-against-

U.S.A.; GEORGE W. BUSH; BARACK
O'BAMA; JOE BIDEN a.k.a. Devil
(Federal Reserves),

                              Respondents.

1:24-CV-8014 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Raheem Davis (also known as Allah Virtue Realty Reserve), a federal prisoner who is currently incarcerated in the Medical Center for Federal Prisoners located in Springfield, Missouri ("MCFP Springfield"),[1] commenced this *pro se* action by filing an initial submission seeking *habeas corpus* relief. (ECF 1.) Thereafter, Petitioner filed numerous other submissions in this action, including some in which he seeks damages. (ECF 4-6, 8, 10-68.) In his initial submission, Petitioner names the following as Respondents: (1) the United States of America; (2) former President George Walker Bush; (3) former President Barack Obama; and (4) former President Joseph R. Biden, Jr. In his subsequently filed submissions, Petitioner names additional individuals as opposing parties. The Court construes Petitioner's submissions filed after his initial submission as supplements to his initial submission.

      By Order dated December 9, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP").[2] Liberally construing all of Petitioner's submissions, the Court

---

[1] The Federal Bureau of Prisons identifies Petitioner as "Raheen Davis."

[2] When the Court granted Petitioner IFP status, it understood that Petitioner was seeking only *habeas corpus* relief.

understands that Petitioner is asserting the following types of claims in this action: To the extent that Petitioner challenges how the Federal Bureau of Prisons ("BOP") is executing the federal sentence(s) that he is serving, the Court construes any such claims as seeking *habeas corpus* relief under 28 U.S.C. § 2241. Inasmuch as Petitioner asserts claims for damages against any individual current or former federal officers or employees, in their individual capacities, arising from any of their alleged violations of Petitioner's federal constitution rights committed under color of federal law, the Court construes any such claims as brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Additionally, to the extent that Petitioner seeks damages against the United States of America arising out of the tortious conduct of current or former federal officers and employees while acting within the scope or their federal offices or employments, the Court construes such claims as brought under the Federal Tort Claims Act ("FTCA"). The Court also understands that Petitioner may be asserting claims for damages under state law against individuals who are not current or former federal officers or employees. For the reasons set forth below, the Court transfers this action to the United States District Court for the Western District of Missouri.

## BACKGROUND

Petitioner's numerous submissions are difficult to understand. From what the Court can discern from them, Petitioner challenges how the BOP is executing the federal sentence(s) that he is serving, specifically, his conditions of confinement at MCFP Springfield, including his alleged lack of access to the courts and also claims relating to the food that he is provided in that facility. He also asserts that a military satellite is assaulting him and that at least some of the abovementioned former Presidents of the United States, other federal officers or employees, and others have tortured and assaulted him, including by stabbing him, and have caused the murders of members of his family.

## DISCUSSION

A.  *Habeas corpus* jurisdiction

The Court understands Petitioner's claims challenging the BOP's execution of the federal sentence(s) that he is serving, including any such claims challenging his conditions of confinement at MCFP Springfield, as seeking *habeas corpus* relief under 28 U.S.C. § 2241. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("[T]o the extent [that a federal prisoner is] seeking injunctive relief from federally imposed conditions of confinement in the service of his federal sentence, . . . [such claims must be brought in] a petition under [Section] 2241 for a writ of habeas corpus. . . . This court has long interpreted [Section] 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.'" (citation omitted)). This court, however, lacks Section 2241 *habeas corpus* jurisdiction to consider such claims. Generally, in order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the person who has custody of the person seeking such relief, *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973), who is usually a prisoner's warden or some other official who has direct control over the custody of the person seeking such relief. Thus, jurisdiction to consider a Section 2241 *habeas corpus* challenge to a federal prisoner's physical confinement, including a challenge to his conditions of confinement, generally lies in the United States District Court for the federal judicial district where that person is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Moussaoui v. Biden*, No. 1:25-CV-0691 (JGK), 2025 WL 457804, at *1 (S.D.N.Y. Jan. 28, 2025); *Jabrah v. Garcia*, No. 1:08-CV-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010).

Petitioner commenced this action by filing his initial submission from MCFP Springfield, where he remains incarcerated. That facility is located in Springfield, Greene County, Missouri,

which lies within the Western District of Missouri, *see* 28 U.S.C. § 105(b)(5), not within this judicial district.[3] This court, therefore, lacks Section 2241 *habeas corpus* jurisdiction to consider any of Petitioner's claims in which he challenges the BOP's execution of his federal sentence(s), including any such claims challenging his conditions of confinement in MCFP Springfield, because the only court that has such jurisdiction to consider them is the United States District Court for the Western District of Missouri. Accordingly, in the interest of justice, the Court transfers Petitioner's claims for Section 2241 *habeas corpus* relief to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. §§ 1406(a), 1631.

**B.     Claims for damages under *Bivens*, the FTCA, and under state law**

Courts have not recognized any prohibition concerning adjudication of a federal prisoner's claims for *habeas corpus* relief under Section 2241 in the same action as his claims for damages under *Bivens* and under the FTCA. *See Lesane v. Tellez*, No. 1:21-CV-2074 (LTS), 2021 WL 3500916, at *2 (S.D.N.Y. Aug. 4, 2021) (claims for Section 2241 *habeas corpus* relief and claims for damages under *Bivens* brought by a federal prisoner considered in the same action); *Reynolds v. Petrucci*, No. 1:20-CV-3523 (LLS), 2020 WL 4431997, at *1-5 (S.D.N.Y. July 29, 2020) (same as to claims for *habeas corpus* relief under Section 2241 and claims for damages under *Bivens* and under the FTCA); *see also Thompson*, 525 F.3d at 210 ("We . . . know of . . . [no basis] for the view that a petitioner may not seek relief under both a habeas statute and [42 U.S.C.] § 1983 in a single pleading.").

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

This court has previously recognized Petitioner, however, as barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury.[4] *See Davis v. Trump*, ECF 1:25-CV-2101, 12, at 1 n.1 (S.D.N.Y. July 22, 2025) (noting four "strikes" from 2017, 2010, and 2009); *Davis v. United States*, ECF 1:10-CV-0940, 6 (S.D.N.Y. Apr. 7, 2010). The United States Court of Appeals for the Second Circuit has held that, to satisfy the statutory exception to the Section 1915(g) filing bar, it is not enough for a prisoner who is barred under that statutory provision to state that he is under imminent danger of serious physical injury; he must show that there is a "nexus between the imminent danger [he] alleges to obtain IFP status and [at least one of] the legal claims asserted in his complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009); *see Chavis v Chappius*, 618 F.3d at 162, 171-72 (2d Cir. 2010); *Tafari v. Prack*, No. 9:12-CV-0703 (GLS) (ATB), 2012 WL 2571310, at *2 (N.D.N.Y. May 23, 2012) (citing *Chavis*, 618 F.3d at 171), *amended report & recommendation adopted*, 2012 WL 2571305 (N.D.N.Y. July 3, 2012).

Petitioner's abovementioned claims for Section 2241 *habeas corpus* relief in this action may or may not be the type of claims that could be subject to that statutory filing bar. *See Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (holding that "a court cannot bar a prisoner from filing

---

[4] Under Section 1915(g):

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

a habeas petition [IFP,] even if the prisoner" is otherwise barred under Section 1915(g) (citing *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996))). *But see id*. at 145 n.3 (noting that, in previous precedent, however, the Second Circuit "spoke in general terms to the effect that 'habeas corpus petitions' are not civil actions covered by the PLRA," and "assum[ing] without deciding that, in so . . . [holding in previous precedent], the [Second Circuit] meant habeas corpus petitions that challenge criminal convictions and sentences, and not petitions, sometimes brought under . . . [Section] 2241, that complain of conditions of confinement"). His claims for damages under *Bivens*, the FTCA, and state law are, however, definitely the types of claims that could be subject to that statutory filing bar. *See* § 1915(g).

As explained below, however, this court is not the most appropriate venue for such claims for damages; rather, it is the United States District Court for the Western District of Missouri, *see infra* at 6-8, which is also the only court that has jurisdiction to consider Petitioner's claims for Section 2241 *habeas corpus* relief, *see supra* at 3-4.

The applicable venue provision for Petitioner's claims under *Bivens* and under state law is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2). As to claims under the FTCA, they must be

brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Petitioner does not allege where he or any the individual opposing parties reside. Thus, it is unclear whether this court is a proper venue for his claims under *Bivens* and under state law, pursuant to Section 1391(b)(1), or for his claims under the FTCA, pursuant to Section 1402(b). Petitioner seems to indicate, however, that the alleged events that are the bases of his claims under *Bivens* and under state law took place, in large part, if not totally, at MCFP Springfield, which, as discussed above, is located in the Western District of Missouri, *see supra* at 3-4, and not within this judicial district. It also seems that the alleged events that are the bases of his claims under the FTCA took place at MCFP Springfield, in the same judicial district. *See id.* Thus, it appears that the United States District Court for the Western District of Missouri, and not this court, is the most appropriate venue for these claims.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the commencing litigant's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp.

2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer of Petitioner's claims for damages under *Bivens*, the FTCA, and state law, pursuant to Section 1404(a), appears to be appropriate because the alleged events underlying these claims appear to have occurred in the Western District of Missouri and, thus, it is reasonable to expect that relevant documents and witnesses would be located there. The United States District Court for the Western District of Missouri, therefore, appears to be a more convenient forum for these claims. Accordingly, this Court transfers Petitioner's *Bivens*, FTCA, and state law claims to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."). The United States District Court for the Western District of Missouri can determine whether Petitioner is barred, under Section 1915(g), from further proceeding with any of his claims in this action IFP.

## CONCLUSION

For the reasons discussed in this Order, the Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Missouri. Whether Petitioner is barred, under 28 U.S.C. § 1915(g), from further proceeding IFP with respect to any of his claims in this action is a determination to be made by the transferee court. Summonses shall not issue from this court. This Order closes this action in this court.

Because this action makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(a).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 3, 2025
         New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge